EAST RIVER SAVINGS BANK, Appellant, v. REALTY VENTURES, INC., Respondent, et al., Defendants.— Order denying plaintiff's motion to strike out respondent's answer and for summary judgment under rule 113 of the Rules of Civil Practice reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs. The record discloses no issue of fact which requires a trial. There is no evidentiary showing that defendant

Simonelli's credit was accepted in place of the property or of the obligor on the bond when the reduction of interest was obtained. That reduction had no relation to any extension of the due date except in the event such an extension was reduced to writing, which latter fact is established in writing. The extension was contingent upon the making of certain repairs and the doing of certain things. While things were in this posture the respondent became the owner in March of 1940, and, as the new owner, it took up negotiations at the point to which Simonelli had carried them. The evidentiary showing of respondent through Feldman is that the 3% interest was to continue. The added claim that the continuing payment of the 3% interest by respondent was a consideration for an extension, so long as the principal remained unpaid, did not constitute a substitution of the credit of respondent for the obligor on the bond and the property itself under the written proof herein. It is established by written instruments that no such extension was made, because the writings (correspondence) established that after March or April of 1940, when the agreement is claimed to have been made, the new owner was professing to comply with repair demands which it would be under no obligation to meet if there had been such an agreement made relating to the paying of 3%. In connection with these demands no assertion was made that such an indefinite agreement existed during this period of controversy extending over a year, which finally culminated in a written notice ending all negotiations for an extension of the mortgage. The documentary proof, therefore, is conclusive that there was no such extension as is claimed by respondent, or in any other form, and therefore no issue of fact in respect thereto exists on the basis of any evidentiary showing relating to the period covered by the written instruments. (*Matter of Case,* 214 N. Y. 199.) Order granting respondent's motion for an examination before trial and for a discovery and inspection, reversed on the law and the facts, without costs, and the motion denied, without costs. The examination may not be had for the reasons stated in the foregoing decision in connection with the reversal of the order which denied summary judgment. Lewis, P. J., Carswell, Johnston and Adel, JJ., concur; Nolan, J., dissents and votes to affirm both orders on the ground that the affidavits present questions of fact which require a trial.